**Eric HERMAN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 04–70097.

Agency No. A75–660–619.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 11, 2005.

Gihan Thomas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT and SILVERMAN, Circuit Judges.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Eric Herman, a native and citizen of Indonesia who is an ethnic Chinese Christian, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review for substantial evidence. *See Aruta v. INS,* 80 F.3d 1389, 1393 (9th Cir.1996). Because the BIA gave its own reasons and also adopted the IJ's reasoning, we review both decisions. *See Wang v. Ashcroft,* 341 F.3d 1015, 1020 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's conclusion that the harm Herman suffered in the past did not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). Substantial evidence also supports the agency's determination that Herman failed to demonstrate a well-founded fear of future persecution. He failed to show the "comparatively low level of individualized risk" required by *Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004) (internal quotation marks and citation omitted), particularly given that his similarly situated mother and brother continue to live in Indonesia without incident. *See Aruta,* 80 F.3d at 1395.

Moreover, Herman failed to establish that either ethnic Chinese or ethnic Chinese Christians in Indonesia are subject to the systematic mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii).

Because Herman failed to establish eligibility for asylum, he necessarily failed to meet the requirements for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), Herman's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

